IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PUERTO RICO LABOR RELATIONS BOARD
Plaintiff

vs

PUERTO RICO TELEPHONE COMPANY
Defendant

CIVIL 04-2015CCC

# O R D E R

This action, a petition to enforce a Decision and Order of the Puerto Rico Labor Relations Board (Board) filed by said agency before the Court of First Instance of the Commonwealth of Puerto Rico, Superior Part, on September 1, 2004, was removed to this Court on September 27, 2004 by defendant Puerto Rico Telephone Company (PRTC) (docket entry 1). Although the Board requested that it be remanded to the Commonwealth court (docket entry 6) claiming that the removal had been untimely, that this Court lacked jurisdiction over the subject matter, and that the doctrines of res judicata and collateral estoppel barred it, the Court denied said request on August 25, 2005 (see docket entry 26). At the time, the Court observed that "[t]he collateral estoppel and res judicata defenses are matters to be raised in a dismissal motion within the deadline established by the Court."

The Board has requested reconsideration from that Order (**docket entry 29**), essentially reasserting arguments already raised in its original remand motion. While said request was pending disposition, the Court ordered defendant PRTC to show cause why the action should not be remanded to the Commonwealth court based on the Rooker-Feldman[1] doctrine (docket entry 31). Defendant complied on November 11, 2005 (docket entry 32), contending that the doctrine is inapplicable to the facts of this case. Having once again reviewed the doctrinal

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

CIVIL 04-2015CCC                               2

guideposts of the doctrine, we agree with defendant.  As the Supreme Court explained in Exxon-Mobil Corp.v.Saudi Basic Industries Corp., 544 U.S. 280, 125 S.Ct. 1517, 1526 (2005), the Rooker-Feldman doctrine applies only in the "limited circumstances" where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment."  That scenario has not been configured here, as neither was this action filed by the losing party in the Commonwealth's proceedings, PRTC, nor has it yet sought, through this action, the review and rejection of the final decision of the Board.  Any attempt by defendant to do the latter would, of course, be analyzed under the principles of preclusion.[2]  And, as we noted in the original order denying the remand, preclusion is a matter that should be raised in a dispositive motion, not a motion to remand.

As to the Board's motion for reconsideration of the Order which denied the remand it requested, the same is DENIED.  The arguments that the Board now reasserts in its motion were considered, and rejected, when the Court denied the initial motion to remand.  In addition, we note that in Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Board, 454 F.2d 38 (1st Cir. 1972), the Court of Appeals twice noted that enforcement proceedings initiated by the Board in the Commonwealth courts are removable to this Court.  Id., at pp. 42, 44-45.

Accordingly, the Motion for Reconsideration of Order filed by the Board (**docket entry 29**) is DENIED.  PRTC's Motion in Compliance with Order to Show Cause (**docket entry 32**) is NOTED.  The various motions for extensions of time filed by the parties (**docket entries 33, 34 & 36**) are MOOT.  PRTC's Motion Requesting Leave to File Sur-reply (**docket entry 37**) is GRANTED.  The Court NOTES, however, that this reply brief was filed prior to obtaining the

---

[2] As suggested by the Seventh Circuit in Garry v. Geils, 82 F.3d 1362, 1366-67 (7th Cir.1996): "if the federal plaintiff was the plaintiff in state court, apply res judicata; if the federal plaintiff was the defendant in state court, apply Rooker-Feldman."

CIVIL 04-2015CCC                                3

leave requested (docket entry 37), so defendant is advised for future reference that instead of filing the brief without leave it should submit it as an attachment either to the motion requesting leave or to a subsequent motion informing that it is ready to be filed.

    SO ORDERED.

    At San Juan, Puerto Rico, on July 10, 2006.

                                               S/CARMEN CONSUELO CEREZO
                                               United States District Judge